

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ROOSEVELT E. LIGHTFOOT      :

    Plaintiff,      :

              :

v.               :

              :    CIVIL ACTION NO.

PORTFOLIO RECOVERY ASSOCIATES, LLC :

              :    3:14CV162

SERVE:  Corporation Service Company :
      Bank of America Center, 16th Floor :
      1111 East Main Street
      Richmond, Virginia 23219   :

              :

GLASSER & GLASSER, P.L.C.    :

              :

SERVE:  Michael A. Glasser    :
      Crown Center
      580 East Main Street, Suite 600 :
      Norfolk, Virginia 23510    :

              :

DOE NO. 1, *whose name is unknown*  :

              :

      Defendants.     :

---

## COMPLAINT

COMES NOW the Plaintiff, Roosevelt E. Lightfoot ("Lightfoot" or "Plaintiff"), by counsel, and as for his Complaint against the Defendants, he alleges as follows:

1.  This is an action for actual, punitive, and statutory damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1692, et seq. (the Fair Debt Collection Practices Act or "FDCPA") and under Virginia common law for the Defendants' abuse of process and fraud.

### JURISDICTION

2.  Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

## PARTIES

3.      Plaintiff is a natural person who resides in the Commonwealth of Virginia and at all times relevant to this Complaint was a "consumer" as that term is defined by the FDCPA.

4.      Defendant Portfolio Recovery Associates, LLC, (or "PRA"), is a Delaware limited liability company with its headquarters and principal place of business located in Norfolk, Virginia. It regularly collects debts from consumers located across the Commonwealth of Virginia.  At all times relevant to this Complaint, PRA was a "debt collector" as that term is defined by the FDCPA.

5.      Defendant Glasser and Glasser, P.L.C, (or "Glasser"), is a Virginia limited liability company with its headquarters and principal place of business located in Norfolk, Virginia. It regularly collects debts from consumers located across the Commonwealth of Virginia.  At all times relevant to this Complaint, Glasser was a "debt collector" as that term is defined by the FDCPA.

6.      Defendant Doe No. 1 is an attorney and employee of Defendant Glasser. Defendant Doe No. 1 is the attorney who attended the first return date on March 28, 2013 for case no. GV1304234 in Chesterfield County General District Court.

## STATEMENT OF FACTS

7.      Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the FDCPA, namely, a credit card with FIA Card Services, N.A./MBNA (the "Account").

8.      Sometime thereafter, the Account was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

2

9.     In an attempt to collect this debt, Defendants filed a Warrant in Debt against the Plaintiff in Chesterfield General District Court.

10.    The Defendants mailed a copy of the Warrant in Debt to Plaintiff.

11.    On March 28, 2013 Plaintiff attended the first return dated listed on the Warrant in Debt to dispute Defendants' collection of the Account and the amount that they claimed was owed.

12.    Before the Court ruled on the Warrant in Debt, Plaintiff discussed the Account with Defendant Doe No. 1.

13.    Defendant Doe No. 1 informed the Plaintiff that if he agreed to a payment plan, Doe No. 1 would inform the Court that the matter was resolved and would dismiss the case.

14.    During this conversation, Defendant Doe No. 1 did not inform the Plaintiff that he was a debt collector and was attempting to collect a debt, as required by the FDCPA.

15.    Unbeknownst to Plaintiff, Defendant Doe No. 1 did not dismiss the lawsuit against the Plaintiff. Instead, he waited for the Plaintiff to leave the courthouse and then took a judgment against Plaintiff.

16.    Additionally, when the Defendants obtained a judgment against the Plaintiff, they relied on a false affidavit to prove ownership of the account.

17.    This affidavit contained numerous material falsehoods. For example, it stated that the affiant had reviewed the original account records, knew that the amount listed on the Warrant in Debt was correct, and that he was competent to testify to the matters contained in his affidavit.

18.    Upon information and belief, the affiant who signed the affidavit had not reviewed the actual signed contract documents pertaining to Plaintiff's account, did not have any

3

personal knowledge about the balance due on the Account, and would not have been competent to testify in a court regarding the matters in his affidavit.

19.     Defendants knowingly submitted this false affidavit to the Chesterfield General District Court because they could not otherwise confirm or prove that they owned the account or that the balance they claimed was owed was correct.

20.     Without this collection affidavit, the Defendants could not have obtained a judgment against the Plaintiff.

21.     Thereafter, relying on Defendants' representation and believing that the case was dismissed, Plaintiff contacted the Defendants and made payment arrangements. He agreed to pay $350 per month and to have the payments automatically drafted from his bank account each month on a date certain.

22:     Plaintiff made approximately three timely payments beginning in or around April 2013.

23.     Thereafter, Defendants unilaterally cancelled the automatic draft of Plaintiff's bank account and filed a garnishment against him.

24.     Upon information and belief, Defendants filed this garnishment in an effort to expedite the collection process of the remaining balance of the debt.

25.     As a result of these illegal collection actions by the Defendants, Plaintiff has suffered actual damages.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692e

26.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

4

27.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §
1692e by their actions, which include, but are not limited to, using false, deceptive, or misleading
representations or means in connection with the collection of debt.

28.     As a result of these actions taken by Defendants, including its false representation
to the Plaintiff that they would dismiss the pending Warrant in Debt and would not take a
judgment against him if he entered into a payment plan on the disputed alleged debt, the Plaintiff
has incurred actual damages.

29.     Plaintiff is therefore entitled to an award of actual and statutory damages against
Defendants as well as his reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT TWO:
### VIOLATION OF 15 U.S.C. § 1692e(2)

30.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth
at length herein.

31.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §
1692e(2) by their actions, which include, but are not limited to, falsely representing the amount
or legal status of a debt owed.

32.     As a result of these actions taken by Defendants, which include but are not limited
to the attempt to collect an amount not legally due, Plaintiff has incurred actual damages.

33.     Plaintiff is therefore entitled to an award of actual and statutory damages against
Defendants, as well as his reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT THREE:
### VIOLATION OF 15 U.S.C. § 1692e(10)

34.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth
at length herein.

35. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by their actions, which include but are not limited to, using a false representation as a means to collect a debt.

36. As a result of these actions taken by the Defendants, Plaintiff has incurred actual damages and is therefore entitled to an award of actual and statutory damages against the Defendants as well as his reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FOUR:
### VIOLATION OF 15 U.S.C. § 1692e(11)

37. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

38. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11) by its actions, which include, but are not limited to, failing to disclose that the communication was from a debt collector in a conversation with the Plaintiff.

39. As a result of the actions taken by the Defendant, the Plaintiff has incurred actual

damages.

40. Plaintiff is therefore entitled to actual and statutory damages against the Defendant, as well as his reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FIVE:
### VIOLATION OF 15 U.S.C. § 1692f

41. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

42. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include, but are not limited to, using unfair means to collect or to attempt to collect a debt.

43. As a result of these actions taken by Defendants, which include, but are not limited to, unfairly telling the Plaintiff that they would dismiss the pending Warrant in Debt and would not take a judgment against him if he entered into a payment plan on the disputed alleged debt, the Plaintiff has incurred actual damages.

44. Plaintiff is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

<b>COUNT SIX:<br>VIOLATION OF 15 U.S.C. § 1692f(1)</b>

45. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

46. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by their actions, which include, but are not limited to, the collection of an amount that is not permitted by law.

47. As a result of these actions taken by Defendants, which include, but are not limited to, attempting to collect an amount not legally due, Plaintiff has incurred actual damages.

48. Plaintiff is therefore entitled to an award of actual and statutory damages against Defendants, as well as his reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

<b>COUNT SEVEN:<br>Virginia Abuse of Process</b>

49. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

50. Defendants' filing of the state court collection lawsuit and improper use of the affidavit was accomplished with the improper motive and purpose of obtaining a judgment on a debt that it could not confirm or know was actually owed by the Plaintiff and was accomplished

7

through the improper use of a false affidavit as means to circumvent the impossible burdens faced if they actually had to prove an indebtedness.

51.    Defendants conducted themselves in this manner with intent to defraud and with legal and actual malice as to the Plaintiff and to the Chesterfield General District Court. The Plaintiff is therefore entitled to and each Defendant is obligated to pay punitive damages.

52.    As a result of the Defendants' abuse of process, the Plaintiffs suffered actual damages in the form of economic injury. He also suffered substantial unliquidated and noneconomic damages for the damage to his reputation, his time and his ongoing distress over the subject debt.

### COUNT EIGHT:
**Fraud**

53.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

54.    Plaintiff alleges a cause of action for actual and/or constructive fraud under the common law of the Commonwealth of Virginia.

55.    Defendants made a material false representation, including but not limited to, telling the Plaintiff that they would dismiss the pending Warrant in Debt and would not take a judgment against him if he entered into a payment plan on the disputed alleged debt when they had no intent to do so.

56.    Defendants intentionally made these misrepresentations to Plaintiff with intent to mislead him into believing these representations were true. Plaintiff relied on these misrepresentations to his detriment.

57.    As a result of Defendants' misrepresentations, Plaintiff suffered injury and is entitled to recover actual damages and costs against Defendants.

8

58.     Plaintiff also suffered substantial unliquidated and noneconomic damages for the damage to his reputation, his time and his ongoing distress over the subject debt.

59.     Additionally, because Defendants' actions were willful and with knowledge of their untruthfulness or with conscious disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff demands judgment for actual, punitive, and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act and Virginia law, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**ROOSEVELT E. LIGHTFOOT**

By_____
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Janelle Mason Mikac, VSB No. 82389
Casey S. Nash, VSB No. 84261
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone:     (703) 273-7770
Facsimile:     (888) 892-3512
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com